IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN G. SWANSON, | |
| Petitioner, | |
| v. | Case No. 24-CV-00456-SPM |
| WARDEN, USP MARION, | |
| Respondent. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Transfer filed by the United States of America. (*See* Doc. 13). Petitioner Benjamin Swanson, a federal inmate presently housed at Pekin Federal Correctional Institution in Illinois, filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the loss of 27 days of good conduct time credits following a disciplinary incident in 2023. (Doc. 1).

Swanson was charged with the sexual exploitation of children in violation of 18 U.S.C. § 2251(a) in the United States District Court for the Western District of North Carolina. *See United States v. Swanson*, Case No. 18-cr-00009-RJC-DCK-1 (2019). He pleaded guilty on February 22, 2018 and was sentenced to 480 months in prison followed by 40 years of supervised release on February 13, 2019. *See id.* (Doc. 31). Swanson filed neither a direct appeal nor a Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255.

Swanson filed the pending Petition for Writ of Habeas Corpus on February 20,

2024. (Doc. 1). Swanson challenges the Discipline Hearing Officer ("DHO") review of a disciplinary ticket at USP Marion which resulted in the loss of 27 good conduct time credits; he claims the DHO hearing violated his right to due process guaranteed by the United States Constitution. (Doc. 1, pp. 12–13). On April 23, 2024, this Court ruled that Swanson's § 2241 Petition survived preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (*See* Doc. 9). Rule 1(b) of the same provides this Court with the authority to apply these Rules to other habeas corpus cases. *See* Rules Governing Section 2254 Cases in the United States District Courts, R. 1(b).

The Government argues that the Petition should be either dismissed or transferred to the District Court for the Central District of Illinois. (*See* Doc. 13, p. 1). Although the incident in question occurred at USP Marion (*see* Doc. 1), the Government cites *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) for the proposition that this Court does not have personal jurisdiction over the Warden of Pekin Federal Correction Institution, where Swanson is currently incarcerated. (*See* Doc. 13, p. 1 (citing *Padilla* at 447)).

This Court previously analyzed *Padilla* in the context of an amended § 2241 petition filed years later in one district when the inmate had been transferred multiple times in the intervening time. *See Moon v. United States*, Case No. 22-CV-01097-SPM (S.D. Ill. 2024) (Doc. 13). In *Padilla*, instead of filing a petition for writ of habeas corpus in the District of South Carolina in which he was imprisoned, the petitioner filed a petition in the Southern District of New York directed at then-President George W. Bush, then-Secretary of Defense Donald Rumsfeld, and Melanie

A. Marr, the Commander of the Consolidated Naval Brig in Charleston, South Carolina in which Padilla was held as an "enemy combatant." 542 U.S. at 432. The District Court and Court of Appeals both held that the Southern District of New York could assert jurisdiction over Secretary Rumsfeld through New York's long-arm statute and that Rumsfeld exercised "legal reality of control" over *Padilla*. *Id.* at 432–33 (citing *Padilla ex rel. Newman v. Bush*, 233 F. Supp. 2d 564 (S.D.N.Y. 2002)) (quoting *Padilla ex rel. Newman v. Bush*, 352 F.3d 695 (2d Cir. 2003)).

In reversing the District Court and the Second Circuit, the Supreme Court was explicit that "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally *only one proper respondent* to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434 (emphasis added). "This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Id.* at 435. Moreover:

> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

*Id.* (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *Blango v. Thornburgh*, 942 F.2d 1487, 1491–92 (10th Cir. 1991) (per curiam); *Brennan v. Cunningham*, 813 F.2d 1, 12 (1st Cir. 1987); *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) (per curiam); *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976); *Sanders v. Bennett*, 148 F.2d 19, 20 (D.C. Cir. 1945); *Jones v.

*Biddle*, 131 F.2d 853, 854 (8th Cir. 1942)).

The Supreme Court distinguished *Ex parte Endo*, 323 U.S. 283 (1944) as standing for the proposition that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent *within its jurisdiction* who has legal authority to effectuate the prisoner's release." *Padilla* at 441 (citing *Endo*).

Here, Petitioner Swanson filed the instant Petition in the Southern District of Illinois even though he is incarcerated in the Central District. Presumably, he filed his Petition here because USP Marion is located within this District. However, *Padilla* is clear that *only one* district court can exercise jurisdiction over a prisoner. *See Padilla*, 542 U.S. at 434. Therefore, considering the above and without commenting on the merits of the Petition, the Court concludes that it is without jurisdiction to rule on Swanson's claim pertaining to the allegedly wrongful loss of good conduct time credit.

## DISPOSITION

Because this Petition was filed in the wrong district court, this Court must consider whether to dismiss Swanson's Petition without prejudice or to transfer it to the appropriate court. Pursuant to 28 U.S.C. § 1631, if a civil action is filed in a forum that lacks jurisdiction over the matter, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." The court has considered the record and finds the interest of justice warrants the transfer of this matter, as the

Petitioner's claim is filed in good faith and merits review.

For the reasons set forth above, the Government's Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Transfer filed by the United States of America (Doc. 12) is **GRANTED in part and DENIED in part**. In the interest of justice, the Clerk of Court is **DIRECTED** to transfer Petitioner Swanson's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 to the United States District Court for the Central District of Illinois.

**IT IS SO ORDERED.**

**DATED:** April 29, 2024

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
